**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEROME DUPREE DURHAM, #1250913,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-0885-D** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening, but on May 22, 2007, issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the Court's show cause order on June 11, 2007.

Statement of Case: Petitioner pled guilty to possession of marijuana in a drug free zone,

and possession of a controlled substance with intent to deliver in the 13th Judicial District Court

of Navarro County, Texas, in Cause Nos. 29486 and 29487. (Petition (Pet.) at 2). Punishment

was assessed at five and ten years imprisonment on July 16, 2004. (*Id.*). Petitioner did not

appeal. (*Id.* at 3).

On December 13, 2005, Petitioner filed in the convicting court two state habeas

applications, pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his

convictions. (*See* Attachment I, for copy of first page of Pet's art. 11.07 applications obtained

from the Navarro County District Clerk's Office). On June 21, 2006, the Texas Court of

Criminal Appeals (TCCA) denied the applications without written order on the trial court's

findings without a hearing. (Pet. at 4); *see also Ex parte Durham*, WR-63,905-01 and WR-

63,905-02, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =240420 & 240421.

In his federal petition, filed on May 17, 2007, Petitioner alleges his guilty pleas were

involuntary, trial counsel rendered ineffective assistance, and the trial judge failed to advise him

about the range of punishment. (Pet. at 7).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the

statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also*

*Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006).

---

[1]     For purposes of this recommendation, the petition is deemed filed on  on May 15,
2007, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v.*
*Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for
determining application of the AEDPA when the prisoner tenders it to prison officials for
mailing).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's convictions became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal. As a consequence, his convictions became final on August 15, 2004, thirty days after the judgments were entered. *See* Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on August 16, 2004, the day after his convictions became final, and expired on August 15, 2005. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner did not file his federal petition in this case until May 15, 2007, one year and nine

months after the running of the one-year limitations period. Although 28 U.S.C. § 2244(d)(2)

tolls the limitations period during the pendency of state habeas proceedings, *see Sonnier v.*

*Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir.

1998), Petitioner's state habeas applications were not pending in state court during the one-year

limitations period. As noted above, Petitioner did not file his state applications until December

13, 2005 -- 120 days after the one-year period had expired. *See Scott*, 227 F.3d at 263 (state

habeas application, filed after federal limitations period had expired, did not toll limitations

period).[2]

In response to the Court's show cause order, Petitioner alleges that he is entitled to

statutory tolling during the pendency of his motions for appointment of counsel filed during the

one-year limitations period. He explains that he agreed to plead guilty on the assumption that he

would be given "shock probation" shortly after beginning his sentence. (Pet's Response at 4).

"When he learned differently, he filed a motion for appointment of counsel" in the trial court,

which was denied on June 10, 2005. (*Id.*). He later resubmitted the motion for appointment of

counsel, alleging the same grounds ultimately raised in his art. 11.07 writ. (*Id.*). On July 18,

2005, this motion was also denied. (*Id.*).

Statutory tolling is permitted during the time "a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending . .

---

[2]    The pendency of the motion for leave to file petition for writ of mandamus, *see In re Durham*, WR-63,905-03*,* http://www.cca.courts.state.tx.us/opinions /Case.asp?FilingID=248634, does not provide any additional statutory tolling. The Fifth Circuit has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

. ." *See* 28 U.S.C. § 2244(d)(2). In construing the above phrase, the Supreme Court in *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000), held that "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." (Emphasis in original). The Court proceeded to cite the Fifth Circuit's decision in *Villegas v. Johnson*, 184 F.3d 467, 469-470 (5th Cir. 1999), as an example in which the court held that "based on principles of statutory construction and *concerns regarding comity* and exhaustion, we hold that a 'properly filed application' is one that conforms with a state's applicable procedural filing requirements." *Id.* at 470 (emphasis added).

Petitioner's contention that his motion for appointment of counsel in the trial court constituted a properly filed art. 11.07 application is patently frivolous. The Texas Court of Criminal Appeals recognizes only art. 11.07 as setting out the procedure available for collaterally attacking a final state conviction. *See Board of Pardons and Paroles ex rel. Keene v. Court of Appeals For the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final conviction. Jurisdiction to grant post-conviction habeas corpus relief rests exclusively with this Court.").

Next Petitioner asserts that his federal petition is timely because it was submitted within one year of the denial of his state applications on June 21, 2006. (Pet's Response at 5). His contention that the one-year period did not commence until the conclusion of state post-conviction review is wholly baseless. *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July

15, 2002) (adopting recommendation of magistrate Judge). The AEDPA provides that the one-year period, within which to file a federal habeas petition, commences upon conclusion of *direct review* of a judgment of conviction. 28 U.S.C. § 2244(d)(1)(A). The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court. 28 U.S.C. § 2244(d)(2). The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in this way. *See Fields,* 159 F.3d at 916.

Insofar as Petitioner requests equitable tolling, his claim fares no better. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner challenges the conduct of his trial counsel, who allegedly deceived him about the availability of shock probation. Since this conduct occurred before the date on which Petitioner's conviction became final, it is irrelevant to the issue of equitable tolling.

Nevertheless, the fact that Petitioner delayed filing his § 2254 petition for ten and one-half months after his art. 11.07 applications were denied, renders equitable tolling unavailable. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"). "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir.

1999).  Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS the habeas

corpus petition with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. §

2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 18th day of September, 2007.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE



NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.
1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.

**ATTACHMENT  I**